UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **22 Cr. 92 (RA)** |
| IRVIN CARTAGENA,<br>a/k/a "Green Eyes," et al., | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would risk prejudicial pretrial publicity if publicly disseminated;  and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain discovery materials in this case may raise a particular risk of affecting the privacy and confidentiality of victims, witnesses, and/or other co-defendants.  Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive,"

shall be deemed "Sensitive Disclosure Material."   The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.   Defense counsel shall raise any disputes regarding designations to the Government and the parties shall attempt in good faith to resolve any such dispute prior to seeking Court intervention.   To the extent that parties are unable to resolve any dispute regarding designation of material, the parties may petition the Court to resolve the issue.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendants; and

(d) Such other persons as hereafter may be authorized by the Court.

5. **Sensitive Disclosure Material** received by defense counsel or personnel for chose conduct counsel is responsible **shall be maintained in a safe and secure manner solely by the**

2

**defendants' counsel**; shall not be possessed by the defendants, except in the presence of the defendants' counsel; and shall not be disclosed in any form by the defendants or their counsel except as set forth herein**.**

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cellphones, social media accounts, and other devices and storage media. This ESI was seized from electronic devices belonging to the defendants.  Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"), to be designated as Sensitive Disclosure Material.  The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense consistent with

3

the terms and designations herein. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct or collateral appeal from any verdict in the above-captioned case; the period of direct or collateral appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

4

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by:  _/s/ David J. Robles_                                    Date:  _3/2/2022_____
Micah Fergenson / David Robles
Assistant United States Attorneys

_____                                Date:  _3/16/2022_____
Sean Maher
Counsel for Irvin Cartagena

_____                                Date:  _____
Zawadi Baharanyi
Counsel for Hector Robles

_____                                Date:  _____
Deborah Colson
Counsel for Luis Cruz

_____                                Date:  _____
Benjamin Zeman
Counsel for Carlos Macci

5

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: ___/s/ David J. Robles_____          Date: __3/2/2022_____
Micah Fergenson / David Robles
Assistant United States Attorneys

_____          Date: _____
Sean Maher
Counsel for Irvin Cartagena

 /s/Zawadi Baharanyi
_____          Date: __3/31/2022_____
Zawadi Baharanyi
Counsel for Hector Robles

_____          Date: _____
Deborah Colson
Counsel for Luis Cruz

_____          Date: _____
Benjamin Zeman
Counsel for Carlos Macci

5

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney


by: __/s/ David J. Robles_____          Date: __3/2/2022_____
    Micah Fergenson / David Robles
    Assistant United States Attorneys


_____          Date: _____
Sean Maher
Counsel for Irvin Cartagena


_____          Date: _____
Zawadi Baharanyi
Counsel for Hector Robles


*Deborah Colson*
_____          Date: _3/29/2022_____
Deborah Colson
Counsel for Luis Cruz


_____          Date: _____
Benjamin Zeman
Counsel for Carlos Macci


5

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/ David J. Robles_                          Date: _3/2/2022_
   Micah Fergenson / David Robles
   Assistant United States Attorneys

_____                          Date: _____
Sean Maher
Counsel for Irvin Cartagena

_____                          Date: _____
Zawadi Baharanyi
Counsel for Hector Robles

_____                          Date: _____
Deborah Colson
Counsel for Luis Cruz

_____                          Date: _3 · 7 · 2022_
Benjamin Zeman
Counsel for Carlos Macci

5

SO ORDERED:

Dated:  New York, New York
         April 5, 2022

_____
THE HONORABLE   RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE